UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CR53 HEA |
| | ) | |
| JOHN JOSEPH WILDING, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 20], of United States Magistrate Judge Mary Ann L. Medler, pursuant to 28 U.S.C. § 636(b), in which Judge Medler recommends that Defendant's Motion to Suppress Evidence and Statements, [Doc. No. 15], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to

the audio recording of the hearing held on April 1, 2008.

## **Discussion**

Defendant objects to Judge Medler's findings of fact and conclusions of law. Specifically, Defendant objects to Judge Medler's findings that the police reasonably believed Defendant had authority to consent to the search; that Defendant voluntarily consented to the search; that Defendant was aware that he could refuse consent to search based upon his prior experience with law enforcement officers; that Defendant's consent was voluntary under the totality of the circumstances; that the scales and the contents of the safe should not be suppressed; that officers were authorized to search the bedroom, the closet and the safe; that the search did not exceed the scope of the consent; and that Defendant's statements should not be suppressed.

The testimony presented at the hearing establishes the following. Detective Jeff Seerey testified that on July 18, 2007, he and officers of the North County MEG Unit, a multi-jurisdictional drug task force, received information that Defendant was selling drugs from his residence located at 600 Florissant Road in Ferguson, Missouri. On July 19, 2007, Detective Seerey and other officers conducted a brief surveillance of Defendant's residence. They observed a green Pontiac Bonneville described by the informant in the driveway.

Detective Seerey saw an elderly gentleman sitting on a couch in the living room through the storm door as he approached the front door. This gentleman responded to Detective Seerey's knock. He asked to speak to Defendant. Defendant came to the door and Seerey identified himself as a police officer. He asked Defendant to come out onto the porch. Defendant did so and asked who the officers were and why there were there. Seerey explained that he had information from a confidential informant that Defendant was selling drugs from his house. Defendant stated that he had sold drugs in the past, but was not selling them now. Seerey asked Defendant if they could go into the house and search to verify that he was no longer selling drugs. Defendant agreed. He further secured the dog that was barking by putting it into a bedroom. Subsequently, when the officers asked which room was Defendant's, Defendant indicated the bedroom where the dog had been placed and the dog was removed from that room and the officers were allowed to search.

The officers observed the scales in plain view when they entered the bedroom. When asked, Defendant said that they were old and that he had taken them out to get rid of them. The officers also saw a safe after opening the closet door. Defendant began to sweat and became nervous. Seerey asked Defendant if there was anything in the safe that could harm the officers. Defendant responded

that there was a gun in the safe. Defendant opened the safe after Seerey asked him to do so. He then backed away from it. Marijuana, cocaine, numerous pills, which were later determined to be controlled substances, and a loaded gun were found in the safe.

Defendant was placed in handcuffs and was seated at the kitchen table. He was advised of his *Miranda* rights. Defendant indicated that he understood his rights and asked no questions about them.

Defendant signed a Consent to Search form in order to confirm his oral consent. Defendant said he obtained the drugs from a black male who drove a van and called him when he was ready to make contact. Seerey took the handcuffs off Defendant and gave him his business card. The officers left. Defendant never contacted Seerey after the search.

Detective Seerey's uncontroverted testimony establishes that Defendant's objections are without merit. Defendant voluntarily consented to the search of the residence in which he resided. He appeared to be of normal intelligence, did not appear to be under the influence of any drugs or alcohol. No threats or promises were made to induce Defendant to consent to the search. Defendant cooperated with the officers at all times, including securing the dog in a location other than his bedroom. Defendant was not detained at the time of the search, nor did he ever

protest any aspect of the search, including the search of his bedroom and the safe. He volunteered the information that a gun was located in the safe.

Subsequent to his being handcuffed, Defendant was advised of his *Miranda* rights. He stated that he understood those rights and continued to talk with the officers. The conversation did not extend for an inordinately long period of time. Defendant was released from the handcuffs after a relatively short period of time and was allowed to remain at his residence. Defendant voluntarily signed the written Consent to Search form confirming his oral consent. Defendant never sought the advice of counsel in spite of having been advised of his right to request same.

Based on the applicable law set forth in the Report and Recommendation, the Court concludes, under the totality of the circumstances, that Defendant voluntarily consented to the search. Furthermore, his statements were made voluntarily and were not coerced or the result of any violations of his rights. Defendant's objections are therefore overruled.

## **Conclusion**

Having conducted a *de novo* review of the Motion and the record before the court, Defendant's objections are overruled. Judge Medler's Report and Recommendation contains a very thorough analysis of the facts and applicable law.

The Court, therefore will adopt Judge Medler's Recommendation.

Accordingly,

**IT IS  ORDERED** that Defendant's Motion to Suppress Evidence and Statements, [Doc. No. 15], is denied.

Dated this 24th day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE